```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| ADRIAN FOLCHER,<br>            Plaintiff,<br><br>     v.<br><br>APPALACHIAN INSULATION<br>SUPPLY, INC., et al.,<br>            Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil No. 06-2551 (JBS)<br><br>**OPINION** |

APPEARANCES:

Joseph P. Grimes
GRIMES & GRIMES, LLC
1230 Brace Road
Cherry Hill, New Jersey 08034-3211
     Attorney for Plaintiff

Katie L. Miscioscia
Victoria Zellers
KLETT, ROONEY, LIEBER, & SCHORLING, PC
Two Logan Square
12th Floor
Philadelphia, Pennsylvania 19103
     Attorneys for Defendants


**SIMANDLE**, District Judge:

**I. INTRODUCTION**

     Plaintiff, a resident of New Jersey, filed this action against Defendants, his former employers, in the Superior Court of New Jersey, Camden County, Law Division, challenging his termination from employment as discrimination based on age in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 to -49.  Pursuant to 28 U.S.C. § 1441(b), Defendants removed the action to this Court, which has jurisdiction under 28

U.S.C. § 1332 because the amount in controversy exceeds $75,000, and the defendants are diverse from the plaintiff.

The matter now comes before the Court on the motion of Defendants Appalachian Insulation Supply, Inc. ("AIS"), William Brinser, and Justin D'Amelio to transfer venue to the Eastern District of Pennsylvania's Reading Vicinage, pursuant to 28 U.S.C. § 1404(a), which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  Plaintiff, who resides in Cherry Hill, New Jersey, opposes the transfer and claims that his choice of forum should not be disturbed and that a transfer would cause hardship to him and his many New Jersey-based clients whom he may call as witnesses.  While the burden of persuasion is on the moving party, Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995), the Court finds that Defendants have met their burden and that the convenience of the parties and the interests of justice favor transfer to the Eastern District of Pennsylvania, as explained below.

**II.  ANALYSIS**

The objective of transfer under § 1404(a) is "to prevent waste of 'time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" Van Dusen v. Barrack, 376 U.S. 612, 616 (1964)

(quoting Continental Grain Co. V. Barge FBL-585, 364 U.S. 19, 26-27 (1960)).  When deciding a motion to transfer under Section 1404(a), a court must first determine whether the action could have been brought in the district to which the moving party requests transfer.  Next, the court must consider the convenience of the parties, the convenience of the witnesses and the interests of justice.  And finally, it may also consider other public and private interests, as set forth in Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1970).[1]  In this case, the factors weigh in favor of the transfer.

This case could have been brought in the district to which Defendants seek a transfer, the Eastern District of Pennsylvania.  When federal jurisdiction is founded only on 28 U.S.C. § 1332, as jurisdiction is in this case, the action may be brought in a

---

[1] The Gulf Oil case involved a motion to dismiss under the common law doctrine of forum non conveniens; however, courts routinely look to the Gulf Oil factors for guidance in Section 1404(a) cases. See, e.g., Conrail v. New England Cent. R.R., 23 F. Supp. 2d 549, 552 (E.D. Pa. 1998); Leonardo Da Vinci's Horse, Inc. v. O'Brien, 761 F. Supp. 1222, 1229 (E.D. Pa. 1991); Reading Metal Craft Co. v. Hopf Drive Ass'n, 694 F. Supp. 98, 102 (E.D. Pa. 1988); American Argo v. United States Fidelity & Guar., 590 F. Supp. 1002, 1003-04 (E.D. Pa. 1984); Hardaway Constr. v. Conesco Indus., 583 F. Supp. 617, 619 (D.N.J. 1983).  Federal courts, however, have broader discretion to transfer an action under Section 1404(a) than to dismiss under the common law doctrine of forum non conveniens.  Norwood v. Kirkpatrick, 349 U.S. 29, 32 (1955); Plum Tree, Inc. v. Stockment, 488 F.2d 754, 756 (3d Cir. 1973); Solomon v. Continental Am. Life Ins. Co., 472 F.2d 1043, 1046 (3d Cir. 1973); All State Freight v. Modarelli, 196 F.2d 1010, 1011 (3d Cir. 1952); Rutherford v. Sherburne Corp., 616 F. Supp. 1456, 1463 (D.N.J. 1985).

judicial district where any defendant resides if all defendants reside in the same state.  28 U.S.C. § 1391(a).  Because AIS is a Pennsylvania corporation and its principal place of business is there and because all other Defendants in this matter reside in the Eastern District of Pennsylvania, the action could have been brought there.

The Court looks next to the convenience of the parties, the convenience of the witnesses and the interests of justice.  These factors favor transfer to the Eastern District of Pennsylvania.  As noted, all Defendants reside there.  This action arose out of Plaintiff's termination from employment with Defendant AIS, a Pennsylvania corporation.  AIS maintains no offices or warehouses in New Jersey.  The two principal witnesses who decided to terminate Plaintiff, William Brinser and Shirl Brinser, reside in Pennsylvania.  Additionally, Defendants' employees who may serve as fact witnesses reside in Pennsylvania and Defendants' sales and business records are located in Pennsylvania.  While Plaintiff resides in New Jersey and some of Plaintiff's clients reside here, his travel to the courthouse in Reading, approximately seventy miles from Cherry Hill, does not constitute a hardship.  Further, because the dispute revolves around the circumstances of Plaintiff's termination and Plaintiff has not identified a single New Jersey witness he intends to call, the balance of the conveniences and the interests of justice favor

transfer to Pennsylvania.

Finally, the Court may look at other public and private interests, as set forth in Gulf Oil:

> An interest to be considered, and the one likely to be most pressed, is the private interest of the litigant. Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforcibility of a judgment if one is obtained. The court will weigh relative advantages and obstacles to fair trial. It is often said that the plaintiff may not, by choice of an inconvenient forum, "vex," "harass," or "oppress" the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy. But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.
>
> Factors of public interest also have place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only. There is a local interest in having localized controversies decided at home. There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must

> govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.

Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508-509 (1947).

These additional private and public considerations do not alter the balance in this case.  As to the private interests, first, as explained above, because the balance of conveniences strongly favors defendants, Plaintiff's private interest in the New Jersey forum is not dispositive of the motion to transfer. See Hoffer v. Infospace.com, Inc., 102 F. Supp. 2d 556, 573 (D.N.J. 2000) (explaining that although plaintiff's choice of forum is "a paramount concern . . . choice of forum by a plaintiff is simply a preference; it is not a right").  Second, access to proof is an important private interest of both parties that weighs in favor of transfer because the dispute is an employment dispute related to decisions that Pennsylvania defendants made in Pennsylvania, where the evidentiary documents and witnesses are located.  See id. at 575 (considering ease of access to proof as private interest).

The public interest also weighs in favor of transfer. "[E]valuation of the public interest factors include consideration of 'the locus of the alleged culpable conduct ... and the connection of the conduct to plaintiff's chosen forum.'" Lacey v. Cessna Aircraft Co., 862 F.2d 38, 48 (3d Cir. 1988) (quoting Van Cauwenberghe v. Biard, 486 U.S. 517, 529 (1988)).

6

Here, all allegedly culpable conduct occurred in Pennsylvania. There is little or no connection between New Jersey and Plaintiff's claims.  Further, because the district courts in New Jersey and Pennsylvania are close to one another, a trial in either forum would be in the "view and reach" of all affected parties.  Finally, the district courts in Pennsylvania and New Jersey are well-practiced at untangling the choice of law issues that frequently arise because of the close proximity of these states; as the Court has not yet determined which state's law applies, and as federal law does not apply, this district is in no better position than the Eastern District to hear the matter.

### III. CONCLUSION

For the foregoing reasons, the Court will grant Defendants' motion to transfer venue to the Eastern District of Pennsylvania.[2]

The accompanying Order for Transfer will be entered.


**October 4, 2006**                      **s/ Jerome B. Simandle**
Date                                     JEROME B. SIMANDLE
                                         United States District Judge

---

[2] Whether the transferee Court assigns this case to its Reading division, as requested by Defendants, lies within the discretion and practices of that Court.